As I view appellant's first assignment of error as more problematic than the view expressed by my colleagues, I feel compelled to expand upon the opinion of this court. In that assignment of error, the prosecution utilized statements made by the defendant during his pre-trial mental examination and evaluation. Moreover, those prior statements were utilized in the cross-examination of a defendant who was asserting a claim of "self-defense." Accordingly, the following questions which made reference to the prior mental examination of the defendant can only be viewed as an attempt to prove the guilt of the defendant by negating the claim of self-defense:
 "Q. Did you not tell them [Dr. Eberle and Dr. Palumbo] that you snapped?
* * *
 Q. Just answer the question. You told the doctors, both of them, that you snapped when you attacked Jeanette Thomas?
* * *
 Q. You told them, `I don't remember what happened. I snapped'?"
Clearly, such questions relating to the guilt of the defendant are violative of R.C. 2945.371(J) which prohibits using statements made at or during a mental evaluation against the defendant-examinee "in any criminal action or proceeding." Moreover, one could also make the argument that the violation of said statute is highly prejudicial in that there is a high public interest in obtaining a meaningful evaluation of a defendant's mental status that is negated if the accused will have his or her answers at a mental evaluation used against them.
While counsel for the accused in the case before us did not object to the aforementioned offending questions, the gravity and prejudicial nature of those questions necessitate in my mind a determination of whether or not they amounted to "plain error." Under the plain error doctrine as recognized by Crim.R. 52, a court may address an error or defect which affects a substantial right even if the error or defect was not brought to the attention of the court. However, notice of plain error is to be utilized "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." See State v. Long (1978), 53 Ohio St. 91, paragraph three of the syllabus, cited with approval in State v. Tibbetts (2001),92 Ohio St.3d 146 at 151.
In State v. Cooey (1989), 46 Ohio St.3d 20 at 32, the prosecution violated R.C. 2945.39(D) when it introduced comments made by the accused at a mental competency examination because those comments were only relevant concerning the accused's degree of involvement with a crime. However, the court in Cooey, supra, did not find that the error rose to the level of plain error because it could not be said that the trier of fact clearly would have found otherwise, but for the error.
Here, there was some evidence other than the cross-examination of the accused which negated the claim of self-defense advanced on behalf of the accused. The victim was blind. The coroner testified most of the damage to the victim occurred at the victim's back, and the back of her head. Moreover, the jury could have disbelieved the accused's claim of self-defense on credibility grounds. Therefore, the prosecutor chose a very dangerous path to negate the claimed defense of the accused. R.C.2945.371 was violated. But, since it cannot be said that the jury clearly would have found validity in the claimed self-defense by the accused, there is no justification to invoke the plain error doctrine to reverse the conviction.